### In re GARDEN.

(District Court, N. D. Alabama, S. D. February 10, 1899.)

BANKRUPTCY—EXEMPTIONS—WAIVER.

> Where a debt, proved and allowed against the estate of a bankrupt, is founded on a promissory note, in which the bankrupt, as authorized by the laws of the state, and in the manner therein prescribed, has waived his right of exemption, he will not be entitled, as against such debt, to have property set apart to him as exempt under section 6 of the bankruptcy act (30 Stat. 548).

In Bankruptcy. On petition of the Birmingham Dry-Goods Company, a proving creditor, for review of an order of the referee in bankruptcy in the matter of the allowance of exemptions to the bankrupt.

Ward & Houghton, for creditor.

BRUCE, District Judge. M. Garden filed his petition in voluntary bankruptcy in this court, and was duly adjudicated a bankrupt. The schedule of assets filed with petition shows about $800 worth of property, all of which the bankrupt claims as exempt. The Birmingham Dry-Goods Company, a creditor of the bankrupt, proved its claim in the cause, which claim was allowed; and it set forth an indebtedness of the bankrupt, due upon promissory notes in which there is a waiver of exemptions in due form. The creditor, the Birmingham Dry-Goods Company, moved to disallow the claim of exemptions made by the bankrupt, so far as its debt was concerned, which motion was overruled by the referee; and the correctness of this ruling is the question here presented for review.

The naked question is the right of a bankrupt to exemptions of personal property in the face of his waiver of exemptions contained in his note to his creditor, who has proved his claim in bankruptcy.

Section 6 of the bankrupt law provides:

"This act shall not affect the allowance to bankrupts of the exemptions which are prescribed by the state laws in force at the time of the filing of the petition in the state wherein they have had their domicile for the six months or the greater portion thereof immediately preceding the filing of the petition."

The question of waiver arises in connection with the question of exemptions, and for the rule upon this subject we are remitted to the state law in force in the state at the time when the petition in bankruptcy is filed. Article 10 of the constitution of Alabama treats of "Exempted Property," and the first section provides:

"The personal property of any resident of this state to the value of one thousand dollars, to be selected by such resident, shall be exempted from sale on execution or other process of any court issued for the collection of any debts contracted since the 13th day of July, 1868, or after the ratification of this constitution."

Subsequent sections are upon homesteads, not important here; and following is section 7, which provides:

"The right of exemptions hereinbefore secured may be waived by an instrument in writing, and when such waiver relates to realty the instrument must be signed by both the husband and the wife and attested by one witness."

These are the provisions of the constitution of the state of Alabama; and the statute law upon the subject is more full, and furnishes details as to how these provisions shall be carried out. Article 5 of the Code of Alabama, under the head of "Waiver of Exemptions" provides:

"Any person by an instrument in writing may waive his right to an exemption in any property exempt from levy and sale under execution or other process."

So the subject of waiver is provided for in the constitution and laws of the state of Alabama; and not only so, but the mode and manner in which such waiver is to be carried out are clearly, and with detail, provided for by the statute law.

In the case at bar the creditor, the Birmingham Dry-Goods Company, filed its motion asking that the claim of exemptions of the said Garden be disallowed, as to the debt due to it, on the ground that the exemptions claimed by the bankrupt, Garden, had been waived, and that it was therefore entitled to the property, or its proceeds, to the extent of its debt. The question then is, what is the effect of the waiver? Is it of any force at all? It certainly was intended to be of force when it was given, and accepted by the creditor. It is even more than probable that without the waiver the note would not have been accepted, and that it (the waiver) was the main consideration upon which the note was accepted; and so, as between the parties, it was a contract founded upon a legal consideration. The argument on the bankrupt's behalf is that the exemption of property from sale on legal process is the creature of the federal law, and that the state law is referred to only for the measure or quantum of the exemption, and that there is no question in the case about any waiver. How is it, then, that this question of waiver comes into the case? Under the law of Alabama, the matter of waiver of exemp-

tions is a part of the law of exemption from levy and sale under legal process. Code Ala. c. 50, art. 1. The bankrupt, in this case, comes into the bankruptcy court with his petition in voluntary bankruptcy, and claims exemptions under the law of Alabama in force at the time of the filing of the petition; and the creditor, the Birmingham Dry-Goods Company, replies and says: "I have proved my claim against the bankrupt, and hold his written waiver of his right of exemption, part and parcel of my claim; and I am therefore entitled to subject the bankrupt's exempt property to the payment of my claim." Now, what answer is there to this position? Can the bankrupt claim his exemptions under the law of Alabama, and at the same time repudiate his waiver of these exemptions under the same law? It is said this claim of waiver is not a lien, and perhaps it is not in the ordinary sense in which that word is used in the law; but what is it, if anything? Suppose the bankrupt had not only at the time of the transaction waived his exemption claim to his property as to the obligation he then executed, but absolutely gave the property into the possession of his creditor, like a pledge; would the bankrupt law devest the creditor of the property? What section of the bankrupt law is offended by such transaction, or where is it shown that such a contract is within the condemned classes? I am not saying here that the case is that of a full pledge delivered to the creditor by the debtor, but only that it is like it, and the right of waiver given as in this case must be held to be of some force and effect. The question remains, what is this right of exemption from execution and sale of exempt property on legal process? It is statutory purely, and, if the bankrupt does not find his warrant for it in the law of Alabama, there is no other source where it can be found. If there is no question of the waiver of the right of exemption in the case, then there should be no question of exemption, but the bankrupt insists upon his right of exemption in the face of his express contract of waiver of such right of exemption. It is said there is nothing to support the claim of exemption; that it must fall with the debt. But that is begging the question. If there was no property in the case, then it might be said there was nothing upon which a contract of waiver of exempt property could act; but here there is property scheduled with the petition filed by the bankrupt, and here, also, is his contract of waiver given to his creditor, the Birmingham Dry-Goods Company, with the proof of his debt, and the court is asked to hold that his waiver goes for nothing, and that his property claimed as exempt is to be held as his property. There are two prime purposes in the theory and operation of the bankrupt law: (1) The release of the burdened and hopeless debtor from his personal debts and obligations; and (2) the distribution of his property, or the proceeds of the same, to his creditors, and his right to a discharge from his debts, are contingent upon his making an honest return as to his property (not exempt) for the benefit of his creditors, and in the administration of the law the right both of bankrupt and creditor are to be kept in view; and a clear distinction exists between the creditor who holds merely a personal claim against the bankrupt, and a creditor who, in addition to his per-

sonal claim, holds a substantial right under and by virtue of the law of Alabama, such as the right of exemptions from sale on legal process of personal property to the amount of $1,000. It is argued that to grant the creditor's motion in this case is to give the creditor a preference to which he is not entitled under the bankrupt law, but the equality which is to prevail among creditors of the bankrupt in the disposal of his property applies to creditors standing in equal right, and not, as in this case, where there is not only a debt or personal obligation of the bankrupt, evidenced by a promissory note, but coupled with this, and of the consideration of the contract, is the waiver by the bankrupt of his right of exemption from legal process under the laws of Alabama. It appears that the property in the case is personalty,—mainly a stock of goods; and with the parties before the court, and the property scheduled, and constructively, if not actually, in the possession of the court, through its trustee in the case, there would seem to be nothing in the way of the court in making a proper order in the premises. The result of these reviews is that the order of the referee refusing the motion of the Birmingham Dry-Goods Company is reversed, and it is so ordered.