### In re MOORE.

(District Court, M. D. Alabama. October 24, 1901.)

BANKRUPTCY—EXEMPTIONS—WAIVER.

The constitution of Alabama provides for an exemption to any resident of the state of personal property to the amount of $1,000 "from sale on execution or other process of any court issued for the collection of any debt," but that such right of exemption may be waived by an instrument in writing. The statutes prescribe the procedure by which such a waiver may be ascertained and enforced, which is by pleading and proving the same in an action on the debt, and having it declared in the judgment and indorsed on the execution or other process; and the supreme court of the state has declared that the waiver, being of a constitutional right, founded in public policy, can be made effective only in the mode thus prescribed. *Held*, that a waiver of exemptions in a promissory note, proved against the estate of the maker in bankruptcy, but which had not been reduced to judgment prior to the bankruptcy, is ineffective, and does not defeat the right of the bankrupt to claim his exemptions or give the court of bankruptcy jurisdiction to administer the exempt property.

In Bankruptcy. On review of decision of referee.

E. A. Moore was adjudicated a bankrupt on his own petition on October 1, 1901. He returned no property except wearing apparel valued at $40, and a claim for wages to the amount of $95, which the trustee collected. The bankrupt claimed this property as exempt. Marcus & Ketcky proved notes against the bankrupt of recent date, amounting to $102.89, which contained this waiver: "I hereby waive all right which I may have under the constitution and laws of this or any other state to claim or hold any personal property exempt to me from levy and sale under execution." The referee, on motion of Marcus & Ketzky, ordered the trustee to pay over this money to the holders of the waive notes. The bankrupt excepted.

Edwin F. Jones, for bankrupt.
Alex C. Birch, for creditors.

JONES, District Judge. The ruling of Referee Stratton was induced by the decision in Re Garden, in the Southern division of the Northern district of Alabama, February 10, 1899 (1 Nat. Bankr. N. 189, 93 Fed. 423). As my conclusion necessitates the overruling of that decision, it seems proper to consider the question at some length.

Section 1 of article 10 of the constitution of Alabama, provides:

"The personal property of any resident of this state to the value of $1,000, to be selected by such resident, shall be exempt from sale on execution or other process of any court, issued for the collection of any debt, contracted since the 13th day of July, 1868, or, after the ratification of this constitution."

Section 7 of the same article declares that the right of exemption "heretofore secured" may be waived by an instrument in writing.

112 F.—19

The Code of Alabama enacts that the waiver as to personalty may be made by a separate instrument in writing, or may be included in any bond, promissory note, or other written contract. The Code prescribes specifically the mode and manner of enforcing this waiver. The fact of waiver and its extent must be averred in the complaint, petition, or bill, and the fact of waiver and its extent must be declared in the judgment or decree, and indorsed on the execution or other process issued thereon. As the waiver is of a constitutional right, and may destroy exemptions which it is the policy of the bankrupt law to preserve and enforce, the statutes regarding the waiver and its enforcement must be strictly construed. The statutes referred to carefully point out and prescribe the remedy for the enforcement of this waiver, and the mode thus prescribed is necessarily exclusive. No court has power to substitute other methods of its own. Janney v. Buell, 55 Ala. 408. In the present case, the waiver note has never been sued on, nor has the fact and the extent of the waiver ever been ascertained by judgment of any court. Upon what principle, then, can the waiver incorporated in the note, but never yet ascertained or declared by judgment of a court, be allowed to defeat the bankrupt's exemptions? The state exemption laws, as construed by the highest court of that state, determine when and to what extent the bankrupt may avail himself of exemptions.

Citation and analysis of decisions in other jurisdictions would serve no useful purpose. The case in hand must turn wholly upon the Alabama statutes and their exposition by its supreme court. It cannot be said that the waiver, not ascertained by any judgment, constitutes any lien upon the bankrupt's property, or confers any estate in it. The waiver does not interfere with the debtor's title or right of disposition, or affect the right of possession in any way. The state supreme court has repeatedly held that the mere waiver, not followed by a judgment in the mode prescribed by the statute, does not of itself confer any title, estate, interest, or equity in the property of the debtor. It is in no sense a lien or pledge. So strict have been the rulings of the supreme court of Alabama that it has been held if a waive note is sued on, and the judgment is silent as to the waiver, it will amount to an abandonment of it, and, on the other hand, that the ascertainment of the waiver incorporated in the judgment entry is of no avail, unless averred in the complaint. It has also been held that the waiver cannot be availed of in a garnishment suit brought upon the judgment, if that judgment does not ascertain and declare the waiver. If the debtor dies before the waiver is reduced to judgment in the manner required by the statute, it cannot prevent the exemptions in favor of the widow and minor children of the debtor who had given the waiver. The waiver embodied in the note, unless ascertained by judgment in the mode prescribed by the statute, is treated as nothing more than a personal promise or obligation of the debtor,—an obligation collateral and incident to the debt, and certainly of no higher dignity than the promise to pay the debt. It is the settled law of Alabama, in the absence of any judgment ascertaining the waiver in the mode prescribed by statute, at or

before the time the exemption is claimed, that the right of exemption must prevail over any right arising from the waiver. If the court of bankruptcy allowed the naked waiver to prevail over the right of exemption, it would accord to such naked waiver a legal effect always denied to it in the state court. This would be administering a law of the court's own making, and not the enforcement of the law of the state, which the bankrupt law makes the law of this court in the matter of exemptions.

It has been argued that the waiver estopped the bankrupt from claiming the exemption, and that the court of bankruptcy should summarily enforce the estoppel by turning over the exempt property to the creditor who holds the waive notes. It might serve the necessities of the present case to say that by the terms of the waiver it amounts to no more than a renunciation of the right "to claim or hold any personal property exempt from levy and sale under execution." The waiver does not renounce the right to claim the exemption when the creditor seeks to reach the property in any other way or under any other circumstances. Here the effort is not to subject the property "by levy and sale under execution," but, without either, to frustrate the exercise of the right of exemption by a summary order of the court turning over the property to the creditor. It is preferred, however, not to rest the decision on this narrow ground. What element of an estoppel is there in the giving of a waiver like the present, or one which goes further, and is directed to the case mentioned in section 1 of article 10 of the constitution of Alabama, expressly waiving the right of exemption to personal property "from sale on execution or other process of any court issued for the collection of any debt"? The bankrupt has the right to stand on the law of the land. The law of the land is that the waiver cannot be enforced against him, save after judgment and execution in the mode provided by statute. When he claims exemptions against a mere naked waiver, he neither denies the waiver nor seeks to escape from the legal consequence which the law attached to the waiver when made. He is merely demanding that the naked waiver shall not have effect beyond the limits which the law assigns it, as long as it remains a mere waiver. When he claims exemptions, and to that extent opposes the waiver, his defense against it is not that he did not make the waiver, nor that the waiver, if it had ripened into a judgment in the statutory mode, ought not to prevail over the right of exemption. His position, admitting all this and the making of the waiver, is that his right of exemption can be defeated only by a judgment and execution conforming in all respects to the statute, and in existence at the time the exemption is claimed. The allowance of his contention that a mere waiver, not reduced to judgment, cannot prevail over the right of exemption, will not defeat any just expectation raised by the taking of the note with the waiver, since the law of the land of its own force incorporated, as a term of the contract made by the waiver, that the right of exemption should not be defeated by such waiver, unless it was reinforced by judgment and execution conforming to the statute. The bankrupt has never agreed, by the making of the

waiver, that it should be enforced against him or his property, save by due process of law, which in this instance requires that there be judgment and execution before the waiver can be fastened upon the property. The law charges the creditor with notice, and, as we have seen, made it a term of the contract, that the waiver alone would not suffice to defeat the right of exemption, and in so insisting the debtor is not violating any term of the contract. It cannot be said, therefore, that claiming the exemptions under the circumstances here disclosed is not allowable, because it would defeat the just expectation which the creditor had a right to indulge from the making of the waiver. Whether the court of bankruptcy could in a summary way in any case work out and enforce an estoppel, to prevent the bankrupt from claiming his exemptions, based on an obligation of a promise to be performed in the future, need not now be decided. It suffices to say that this case does not present any of the elements which would permit the court to visit an estoppel upon the bankrupt.

There are other objections which seem conclusively to forbid the denial of the bankrupt's exemptions. The proceedings are now ripe for an application for the bankrupt's discharge, and, in the absence of anything shown to the contrary, the court cannot presume that he will not be discharged. If the bankrupt is discharged, the obligation of the debt evidenced by the notes and the collateral contract of the waiver, intended to secure the debt, will both be gone.' No obligation will rest on the debtor as to either promise. The discharge, when granted, will relate back to the filing of the petition, and defeat any proceeding commenced within four months prior thereto to convert any of the mere personal contract obligations of the bankrupt into a lien. The adjudication in bankruptcy ought not to place the bankrupt in any worse condition regarding his exemptions than other residents of the state who have not been adjudicated bankrupts. The exemptions of a person who has not been adjudicated a bankrupt could in no event be defeated by the mere waiver. If a court of bankruptcy, by reason of its jurisdiction over the person of the bankrupt and its power over his exempt property (if it has any other jurisdiction over it than to set it aside), can defeat the bankrupt's exemptions under circumstances which would not destroy the right of exemption in any other resident of the state, the bankrupt by the adjudication would be put in a far worse plight regarding his exemptions than any other resident of the state. This would defeat one of the manifest purposes of the bankrupt act, which is to secure to the bankrupt the same exemptions which are allowed other residents of the state and on the same terms.

After adjudication, and pending final discharge, it is the duty of the court to at least preserve the status quo, and to refrain from orders, pending the administration of the estate, subjecting the bankrupt in effect to the enforcement of obligations from which he would be absolved by the discharge. It will not be contended, if this bankrupt had received a discharge at the time this motion was made, that there would be any ground for attempting to enforce any sort of obligation growing either out of the debt or the waiver; for all remedy for

both would be taken away by the discharge. If the court should now decide, in the absence of a discharge, which may be granted, that the bankrupt's obligations growing out of the waiver could be enforced by taking his exempt property away from him, it would defeat the full effect of the discharge. The bankrupt court has no right and is under no duty to hold up a discharge, or the setting apart of exemptions, until proceedings can be had in the state courts or elsewhere to perfect the waiver and destroy the exemptions. Woodruff v. Cheeves (circuit court of appeals, Fifth circuit) 3 Nat. Bankr. N. 489, 105 Fed. 601.

In the plight of the present case, the court must now decide the bankrupt's rights to the exemptions claimed. It cannot hold up the decision to see whether a discharge will be granted, or give time to the creditor to perfect the waiver into a lien upon the bankrupt's property. It must deal with the case as it now is. It is apparent that the waiver now creates no estate in or lien upon the exempt property. Indeed, if the bankrupt be discharged, the creditor can never get in a position to enforce this waiver. The court must therefore set apart the exemptions to the bankrupt, and deny the motion of the creditors to have the property turned over to them. It is to be inferred from the opinion in Re Garden, supra, that the attention of the court was not called to the fact that under the law of Alabama a waiver, not reinforced by judgment and execution in the mode provided by statute, could not defeat a claim of exemptions. That opinion states:

"The argument on bankrupt's behalf is that the exemption of property from sale on legal process is the creature of the federal law, and that the state law is referred to only for the measure or quantum of the exemption, and that there is no question in the case about the waiver."

Overlooking the distinction between a naked waiver and one reduced to judgment, the court naturally fell into the error as to an estoppel, which it enforced against the bankrupt by denying him his exemptions. As we have seen, the naked waiver was no obstacle to the bankrupt's claim of exemptions, and could not form the basis of any estoppel to claim them. The decision in Re Garden is therefore overruled. The title to exempt property is not devested by the adjudication in bankruptcy, and the property forms no part of the assets which the court is required to distribute. In general, the jurisdiction of the court of bankruptcy over such property should be confined to ascertaining the questions which determine whether or not it is in fact exempt, and, if it be found to be exempt, then to the making of the necessary orders setting it apart to the bankrupt.

The order of the referee is not confirmed. An order will be here entered reversing that order, and directing the trustee to pay over the money in his hands to the bankrupt as a part of his exemptions.