In re HARTSELL & SON.

(District Court, N. D. Alabama, N. D.    August 7, 1905.)

BANKRUPTCY—EXEMPT PROPERTY—POWER OF COURT TO IMPOUND.

   A court of bankruptcy has no authority to hold in custody the exempt property of a bankrupt to await the determination of an action in tort against him in a state court at the instance of the plaintiff in such action, nor will.it withhold a discharge because of the pendency of such action, since the discharge would not be a bar to a recovery therein.

In Bankruptcy.   On review of decision of referee.

   In the matter of the bankruptcy of J. C. Hartsell & Son as a firm and as individuals, D. E. Martin, who brought suit in the state court, previous to the adjudication in bankruptcy, against the bankrupts individually, to recover damages for the conversion of a promissory note, petitioned the referee to make an order that the exempt personal property of the bankrupts be held in the custody of the court, and that their discharge be withheld until the determination of this suit.   The referee declined to make either order, and denied the prayer of the petition.   The petitioner seeks a review of his action.

Kyle & Brown, for petitioner.
C. L. Price and Dan Greene, opposed.

JONES, District Judge.   The reason of the rule in Lockwood's Case, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, requiring the court to withhold the discharge of a bankrupt, who would otherwise be entitled to it, pending a suit against him on a written obligation for the payment of money, which contains a waiver of exemptions of personal property, has no application whatever to this case.   We have here no suit to enforce any contract as to which there is a waiver of exemptions of personal property.   On the contrary, the suit is in tort for the conversion of a note which contained a waiver of exemptions.   The waiver in the note related to the contract embodied therein, and that contract is not sought to be enforced by this suit.   The reason of the rule in Lockwood's Case, withholding the discharge of the bankrupt, where he has given a note or obligation for the payment of money which contains a waiver of exemptions of personal property, until the plaintiff can have a reasonable time in which to reduce the debt to judgment, is that the discharge, pending suit, would be a bar to a judgment, and thus defeat all means of making .the waiver of exemptions effective.   The debt here is unliquidated, and the action is in tort.   It has been uniformly ruled of late that the court of bankruptcy has nothing to do with exempt property except to ascertain whether it be exempt, and then to set it aside.   It has no authority to enforce even an admitted lien upon the exempt property.   Setting aside the property as exempt does not affect the rights of the lienholder, nor does it in any wise prevent a creditor, whose claim is not avoided by the discharge in bankruptcy, from proceeding against the property in the hands of the bankrupt, just as'though he had not been adjudged a bankrupt.   The decision in Re Garden (D. C.) 93 Fed. 423, cited by petitioner, was overruled by this court in Re Moore (D. C.) 112 Fed. 289.   Granting the

prayer of petitioner would be, in effect, the issue of an attachment by this court against the exempt property of the bankrupt at the instance of a creditor, without any bond; to which security the bankrupt would be entitled if the property were sought to be attached in an orderly way by proceedings in the state court. The conversion of the alleged note which is the foundation of the petitioner's rights is denied. This court has no means of knowing whether there will ever be a judgment in the suit. Under such circumstances, to withhold the discharge and impound the property in the custody of the court would be manifestly improper.

The rulings of the referee are in all things confirmed, and the petition for review dismissed.