## ·In re ROSE.

District Court, E. D. Pennsylvania. September 8, 1927.

No. 8658.

Bankruptcy ⟶396(3)—Bankrupt's life insurance policy, payable to wife, reserving right to change beneficiary, held "for benefit of the wife," within state exemption statute (Pa. St. Supp. 1924, § 10388a).

Life insurance policy, payable to insured bankrupt's wife, *held* made for the "benefit of the wife," within Act Pa. June 28, 1923 (P. L. 884; Pa. St. Supp. 1924, § 10388a), exempting life insurance policy for wife's benefit from claims of husband's creditors, notwithstanding provision in which husband reserved right to change beneficiary, and provision for additional features, such as option to take paid-up policy at end of five years; phrase "made for the benefit of * * * the wife" being equivalent to "in which the wife is the beneficiary."

In Bankruptcy. In the matter of Benjamin Rose, individually and trading as the Rose Specialty Company, bankrupt. On petition to review referee's order directing trustee to deliver life insurance policy to bankrupt. Affirmed.

For opinion in Circuit Court of Appeals, see Dussoulas v. Lang, 24 F.(2d) 254.

Aarons, Weinstein & Stone, of Philadelphia, Pa., for trustee.

J. Henry Spivak, of Philadelphia, Pa., for bankrupt.

KIRKPATRICK, District Judge. This is a certificate for review of a referee's decision, and involves the same question that was decided by this court in Re Lang, 20 F.(2d) 236. The position taken by the trustee is slightly different from that in the other case. The point which the trustee urges upon the court here is that, inasmuch as the policy carried the right to change the beneficiary and provided for certain additional features, such as an option to take a paid-up policy at the end of five years, the policy was not made for the benefit of the wife, within the terms of the Pennsylvania Act of 1923 (Pa. St. Supp. 1924, § 10388a). This argument overlooks the real nature of contracts of insurance. The Supreme Court of Massachusetts, in Tyler v. Treasurer and Receiver General, 226 Mass. 306, 115 N. E. 300, L. R. A. 1917D, 633, discussed the beneficiary's rights in an illuminating opinion from which the following is quoted:

"The rights of the beneficiary are vested when the designation is made in accordance with the terms of the contract of insurance. They take complete effect as of that time. They do not wait for their efficacy upon the happening of a future event. They are in no wise modified or increased at the time of the death of the insured. The contract of life insurance differs from most other contracts, in that it is not intended ordinarily for the benefit of the insured, but of some dependent. Its original and fundamental conception is a provision by small, periodical contributions to secure a benefit for the family. While this conception has been enlarged in some respects, and especially in its commercial aspects, still the basic elements continue and are found in all the cases at bar. The insured retains no ownership of that which has passed to the beneficiary under the contract. A reserved right to change the beneficiary does not affect the essential nature of the rights of the beneficiary so long as they last. Whatever the insured does in way of designation of a beneficiary takes effect forthwith. If his act rightly be describable as a gift, it is a present gift, which, so far as concerns him, takes effect at once both in possession and enjoyment by the beneficiary."

In addition to the above, I am of the opinion that the policies referred to in the Pennsylvania exemption statutes are policies in which the wife or children or dependent relative of the insured has been made the beneficiary and remains such. In other words, the phrase "made for the benefit of * * * the wife" is equivalent to "in which the wife is the beneficiary."

I see no reason to depart from the decision in Re Lang. The order of the referee is affirmed.