## In re NIXON.

District Court, N. D. Oklahoma. September 16, 1929.

No. 59.

668

E. J. Lundy, of Tulsa, Okl., for petitioner.

Nelson & Blair, of Tulsa, Okl., for bankrupt.

KENNAMER, District Judge. This is a proceeding to review the order of the referee in bankruptcy of February 12, 1926, approving the trustee's report with reference to exempt property. The bankrupt, engaged in the practice of law, filed a voluntary petition in bankruptcy, after an execution had been levied upon his law library and bookcases, but before a sale under the execution. The execution was sued out to enforce the collection of a judgment which had been rendered against the bankrupt and another in the court of common pleas, and which had been transcripted to the district court of Tulsa county, Okl. The judgment was in favor of one Hazel Hone, formerly Hazel Stephens, who had been employed by the bankrupt, and another as a clerk and stenographer. Section 6595, Compiled Oklahoma Statutes 1921, provides for exemptions which may be claimed in Oklahoma. The fifth subdivision of the section provides that all tools, apparatus, and books belonging to and used in any trade or profession are exempt. Section 6601, Compiled Oklahoma Statutes 1921, provides that none of the personal property exempted in the section above referred to shall be exempt from attachment or execution on account of the wages of a clerk, mechanic, laborer, or servant. Levy of the execution was made upon the law books and bookcases of the bankrupt, as they were subject to such levy for satisfaction of a judgment for wages due a clerk. The voluntary petition in bankruptcy was filed after the levy had been made by the sheriff of Tulsa county, and while the personal property was being advertised for sale, but before a sale had been made. Upon the filing of the bankruptcy petition, the sheriff returned the execution without a sale, and assigned as the reason therefor that "the defendant took the bankrupt law and a receiver was appointed."

The bankrupt claimed his law books and bookcases as exempt property in the bankruptcy court; the trustee set aside such property as exempt, and the referee entered an order approving the act of the trustee. This order is before the court for review.

The Bankruptcy Act provides that exemptions allowed by the laws of the state shall constitute the exemptions in bankruptcy. Undoubtedly, as to general creditors, the law books and bookcases of the bankrupt are exempt, for such is the provision of the laws of Oklahoma. But, can the objector be regarded as a general creditor? Being a clerk, she is afforded greater opportunity to collect wages than an ordinary creditor. In other words, she is favored under the Oklahoma law, and exemptions of tools, apparatus, and books belonging to and used in a trade or profession are set aside, and are subject to the sale for satisfaction of claims for wages.

The objector filed a petition and application in the bankruptcy court asking that the property claimed as exempt by the bankrupt be set apart for satisfaction of her claim, and sold by the bankruptcy court or turned back to the sheriff for sale under the execution. It was asserted that such property was subject to a lien in favor of the objector by virtue of the levy of the execution. It has been definitely settled by the Supreme Court of the United States that such property passed to the trustee in bankruptcy discharged of the lien of the execution. Chicago, Burlington & Quincy Railroad Co. v. Hall, 229 U. S. 511, 33 S. Ct. 885, 57 L. Ed. 1306. This for the rea-

son that the levy of the execution had been made within four months of the filing of the petition in bankruptcy, and in the instant case the levy was made a few days prior to the adjudication in bankruptcy.

█ The Bankruptcy Act serves a dual purpose; it operates to afford all creditors an equal opportunity to share in the assets and property of the debtor who has become a bankrupt, and, secondly, to give the bankrupt an opportunity to start anew into the business world, discharged of his obligations, and free from interferences from creditors. Exemptions are fixed, as those of the state in which the bankrupt lives, so that he may start again in business with property set apart as exempt.

█ In the instant case, the bankrupt may have set apart his law library and bookcases, if they are exempt to him under the state law; on the other hand, if they are not exempt under the Oklahoma statutes, but are subject to seizure and sale for the satisfaction of a claim for wages, they must have that status in the bankruptcy court. It is contended that to subject this property, exempt as to some creditors, to the satisfaction of the objector's claim, is to give one creditor an advantage over other creditors, which is contrary to the object and purpose of the Bankruptcy Act (11 USCA). The answer to this contention is that all creditors similarly situated are treated equally; secured creditors are given advantages that unsecured creditors do not have in bankruptcy; all creditors foreclosed by exemptions created by state statute are regarded on an equality; and all creditors, as the objector in the instant case, having the advantage of all property of the debtor for satisfaction of claims, are placed upon the same plane. The fact that there are no other creditors like the objector having claims for wages as clerks should not deprive her of the right to proceed against all of the property of the bankrupt.

█ The rule is well established that, when property comes under the control and custody of the court, all parties asserting an interest or right therein will be permitted to present their claims to the court having custody of the property. In re Boyd (D. C.) 120 F. 999, 1003; Krippendorf v. Hyde, 110 U. S. 276, 4 S. Ct. 27, 28 L. Ed. 145.

In re Boyd, supra, Judge Shiras, in determining claims against the estate of the bankrupt which involved a construction of the Iowa exemption statutes, said:

"No title to exempt property passes to the trustee, and, if property is exempt as against the creditors generally, it cannot be well held that a title thereto vests in the trustee simply because a single creditor may have the right to subject the property to the payment of his claim. This right is not a title to the property, nor a lien thereon. but is simply a right or privilege personal to the creditor owning the claim for the unpaid purchase price, which certainly does not vest in the trustee, and therefore the same should be presented by the creditor in his own name.

"The referee is therefore directed to enter an order upon the application of the bankrupt asking that this property be set aside as exempt, that the same are so set apart as exempt against the claims of the creditors in general, but subject to the claims of B R. Evans and D. A. Lyon, for the purchase price thereof, and upon the several petitions of said B. R. Evans and D. A. Lyon orders be entered that the trustee make proper sale of the property in question, the proceeds to be applied to payment of costs of sale, to the payment of the amounts due for the purchase price of the several articles, and the surplus, if any, to be paid to the bankrupt.

"As the bankrupt and the two named creditors are alone interested, any arrangements that they may make to avoid costs of sale, or as to mode of sale, will be approved."

█ The procedure in this case of permitting the bankruptcy court to administer property generally exempted by the law of the state in which the bankrupt resides is not sustained by the authorities. In the case of Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061, it was held:

"Under the bankruptcy act of 1898, the title to property of a bankrupt which is generally exempted by the law of the State in which the bankrupt resides, remains in the bankrupt and does not pass to the trustee, and the bankrupt court has no power to administer such property even if the bankrupt has, under a law of the State, waived his exemption in favor of certain of his creditors.

"The fact that the act confers upon the bankruptcy court authority to control exempt property in order to set it aside does not mean that the court can administer and distribute it as an asset of the estate. The two provisions of the statute must be construed together and both be given effect.

"The discharge of the bankrupt, howev-

er, can be withheld until a reasonable time has elapsed to enable creditors to assert in a state court their rights to subject exempt property in satisfaction of their claims under waivers given as security therefor ·by the bankrupt."

See Ingram v. Wilson (C. C. A.) 125 F. 913.

The creditor who has a claim against which the bankrupt cannot assert the state exemption law must prosecute such claim in a court which has jurisdiction over the property.

The order of the referee setting apart the law library and bookcases to the bankrupt as exempt is approved without prejudice to the right of the petitioner to proceed with the sale of the property under the execution issued out of the state district court of Tulsa county, and the discharge of the bankrupt will be withheld for a reasonable time.