### In re FIRESTONE.

### No. 52367.

District Court, S. D. New York.
March 15, 1932.

Michael Rechler, of New York City, for bankrupt.

Arthur A. Beaudry, of New York City, for creditor.

PATTERSON, District Judge.

This is an application by the bankrupt for an order releasing and exempting his life insurance policies from the claims of his creditors. Adjudication occurred on October 21, 1931, and the time to file proofs of claim will expire on April 21, 1932. It is shown that of the claims thus far filed only one, that of Spieler in the amount of $195.22, arose prior to March 31, 1927, and that Spieler has given his written consent to an exemption of the policies so far as his claim is concerned. The referee granted the exemption, except that he held the trustee in bankruptcy entitled to the surrender value of the policies to the extent of $195.22 and also to the extent of any other claims that arose prior to March 31, 1927 and that should be filed in the bankruptcy proceeding.

Life insurance policies when not payable to the insured are exempt from the claims of the insured's creditors in New York by virtue of section 55-a of the Insurance Law (Consol. Laws, c. 28), which took effect March 31, 1927 (Laws N. Y. 1927, c. 468). By the decision of the Circuit Court of Appeals of this circuit in Re Messinger, 29 F. (2d) 158, 68 A. L. R. 1205, it is settled that the exemption covers also the cash surrender value of such a policy. The Messinger Case also makes it clear that the New York statute has no retroactive force, and that there is no exemption as to the creditors whose claims arose before March 31, 1927. The policies on the bankrupt's life are therefore exempt from claims of his creditors as a general class, and are also exempt from Spieler's claim because of his consent, but are not exempt from other claims against him which existed on March 31, 1927. Whether there are any claims of the latter type beyond that of Spieler is not now known.

The general rule is that the trustee does not take title to exempt property of the bankrupt. The bankruptcy court has not the power to administer such property, beyond determining it to be exempt and setting it apart. Lockwood v. Exchange Bank, 190 U. S. 294, 23 S. Ct. 751, 47 L. Ed. 1061. The existence of a special class of creditors with

the right to subject the property to payment of their claims does not cause a vesting of title in the trustee or result in an extension of the power of the bankruptcy court to cover property generally exempt. The differences of opinion that had existed in the lower courts on this point were settled by the Supreme Court in the Lockwood Case. See, also, In re Hartsell (D. C.) 140 F. 30; Birmingham Finance Co. v. Chisolm (C. C. A.) 284 F. 840; In re Nixon (D. C.) 34 F.(2d) 667. Creditors not affected by the exemption may pursue their rights in the state courts, and to enable them to do so the bankruptcy court will postpone granting a discharge. Lockwood v. Exchange Bank, supra; Roden Grocery Co. v. Bacon (C. C. A.) 133 F. 515. It would seem therefore on principle that what the bankrupt is entitled to is an order declaring that the trustee has no interest in or claim to the cash surrender of the policies, leaving any creditors of the nonexempt class to their remedies in the state courts. In the Messinger Case, however, the trustee was held to be entitled to the surrender value to the extent of the proved claims existing on March 31, 1927. In deference to that decision, the order here will provide that the trustee has no interest in the policies or surrender values beyond the amount of the claims to be proved (except that of Spieler) which are shown to have arisen on or before March 31, 1927. The policies are exempt as to Spieler's claim, since he has expressly waived all interest in them. The contention that the interest of Spieler in the policies is an asset of the bankrupt estate and cannot be waived or released by Spieler is not sound.

The order of the referee will be modified by eliminating the provision that the trustee is entitled to the surrender value up to $195.-22, the amount of the Spieler claim. In other respects the order will stand.