WICKERT and others, Respondents, vs. FOLK and wife, Appellants.

*February 25—April 8, 1947.*

*Joseph G. Page* of Janesville, for the appellants.

For the respondents there was a brief by *Walter E. Nitcher* of Evansville, and *McGowan, Geffs, Geffs & Block* of Janesville, and oral argument by *Mr. Nitcher.*

WICKHEM, J. Defendants claim that upon the record there was as a matter of law an accord and satisfaction which operated as a complete defense to plaintiffs' action. This requires a consideration of the terms of a written instrument in addition to such surrounding circumstances as will make its execution understandable.

One William Buggs died testate on February 27, 1924. Defendant Ralph Folk was his grandson, and a beneficiary of

his estate by virtue of a provision in his will requiring payment of $3,500 to Alma Folk, mother of defendant, and providing in the event of her death prior to the time of distribution that this sum was to be paid to her children. On July 5, 1931, defendants executed two notes to Fred and Bertha Thom, and on March 29, 1932, a third note was executed. The total face value of these notes was $1,705. On October 17, 1933, Alma Folk, mother of Ralph Folk, died. Thereafter, on April 4, 1934, Ralph and Kathryn Folk executed to Fred and Bertha Thom an instrument, the material provisions of which are as follows:

"Know all men by these presents that we, Ralph W. Folk and Kathryn Folk, his wife, for valuable consideration in hand paid before the ensealing and delivery hereof, do hereby make, sell, assign, transfer, and set over unto Fred Thom and Bertha Thom, his wife, for purpose of collateral security, that is, the purpose of securing any and all obligations now owed by ourselves, or our mother, Alma Folk, an interest in the amount of one thousand four hundred fifty dollars ($1,450), out of any and all money or property of any and all kind whatsoever now due us, or to become due us out of the estate of our deceased grandfather, William Buggs, which said estate is . . ."

Thereafter, Fred and Bertha Thom died and the notes and this instrument were found in Bertha's personal effects. In the Bertha Thom estate the notes were assigned to plaintiffs. Prior to the commencement of this action Robert F. Buggs, as trustee of the estate of William Buggs, distributed $700 to plaintiffs from the share of Ralph Folk in the trust estate under William Buggs' will, and made a later distribution from the same source in the sum of $480. It is claimed that the language of the assignment is plain and unambiguous; that it constitutes an accord and satisfaction, and that by the instrument the notes were fully paid.

We agree that the language is plain and unambiguous, but it is as certain as specific language can be that the instrument

evidences an assignment of the share as collateral security for the debts of the assignor. In *McCormick v. Falls City Bank* (C. C.), 57 Fed. 107, 110, the court said:

"The use of the term 'collateral security,' when a debtor delivers to his creditor an article of value or an evidence of debt, is intended to express that it is not received in payment of the primary debt, and that it is not an additional right to which the creditor is absolutely entitled. It is merely a concurrent security for another debt, whether antecedent or newly created, and is designed to increase the facilities of the creditor to realize the principal debt which it is given to secure."

The instrument in question specifically states that it is given for collateral security. It did not involve surrender of the notes; it does not refer to a compromise, and there is nothing in the surrounding facts or in other language of the instrument which remotely points to an accord and satisfaction.

*By the Court.*—Judgment affirmed.