MARION C. EAMES *vs.* WILLIAM P. CUSHMAN.

Franklin. Sept. 18. — Oct. 19, 1883. FIELD & W. ALLEN, JJ., absent.

The defendant gave the plaintiff promissory notes, in renewal of earlier notes upon which the interest was overdue. The new notes did not include, and were not received in satisfaction of, the over-due interest; but the question of interest was understood by the parties to remain an open one, the defendant saying that he would make it all right, acknowledging that he was legally liable, and urging certain reasons why the claim ought not to be pressed. The old notes were left, together with the new ones, in the defendant's possession, where they had been before, but crumpled up, and not for safe keeping. *Held,* that these facts would warrant a finding for the plaintiff in an action for the overdue interest.

HOLMES, J. The question in this case arises upon a ruling that, upon an auditor's report, as evidence under the pleadings, the court was not warranted in law in finding for the plaintiff on the sixth, seventh, eighth, and ninth counts of her declaration. These counts were for overdue interest, and the facts disclosed by the report were as follows.

The defendant gave the plaintiff promissory notes in renewal of earlier notes, upon which the interest was overdue. The new notes did not include, and were not received in satisfaction of, the overdue interest; but the question of interest was understood by the parties to remain an open one, the defendant saying that he would make it all right, and acknowledging that he was legally liable, but not otherwise expressly promising to pay it, and urging certain reasons why the claim ought not to be pressed. The

old notes were left, along with the new, in the defendant's possession, where they had been before, but crumpled up, and not for safe keeping. We are of opinion that these facts would have warranted a finding for the plaintiff upon the counts in question.

Payment of the principal of a note, whether in money or by a new note, does not extinguish the maker's liability for interest expressly promised by the original note, and overdue, if it is agreed that the payment or renewal shall not have that effect. And no distinction has been taken, or can be maintained, between cases where the interest is payable at different times from the principal, and where, therefore, the promise to pay it is more easily regarded as distinct, (*Andover Savings Bank* v. *Adams*, 1 Allen, 28,) and those where it is only payable at the same time with the principal sum, as would seem, although it does not distinctly appear, to have been the case here. *Lumley* v. *Musgrave*, 4 Bing. (N. C.) 9; *S. C.* 5 Scott, 230. *Morgan* v. *Rowlands*, L. R. 7 Q. B. 493, 496. *Robbins* v. *Cheek*, 32 Ind. 328. *Marks* v. *Purdue University*, 56 Ind. 288. See *Fake* v. *Eddy*, 15 Wend. 76, 80; *Robbins Cordage Co.* v. *Brewer*, 48 Maine 481, 485.

The facts, therefore, warranted either a finding that the original notes remained in force, and that the plaintiff could recover the interest upon them, or that the defendant made a new oral promise in consideration of the surrender of those notes. That is to say, there is no rule of law which forbids the drawing of either inference, if the court below is satisfied that it is correct. It is true, as against the former alternative, that the old notes were left with the defendant crumpled up, and not for safe keeping, and that it has been said that a voluntary destruction of a note by the holder would bar a recovery. Against the latter alternative is the finding that the defendant "never expressly promised to pay the interest."

But, on the other hand, there was the general intent clearly expressed to preserve the plaintiff's admitted rights. The parties of course did not consider the technical steps by which this was to be done, but they fully agreed to the result. And this general intent and agreement may well override the ambiguous dealing with the notes, so long at least as they were not actually destroyed. It is unnecessary to consider whether a subsequent

destruction of them by the defendant would alter the case. If, however, the original notes were in any way discharged, then the general intent of the parties, and the defendant's admission of liability and promise that he would make it all right, would warrant a finding of a new promise, notwithstanding the language just quoted from the auditor's report.

It follows that, whether the plaintiff's declaration be regarded as counting on the original notes, or on new promises, there was evidence to sustain it. We incline to construe it in the former sense, and to read the averments of the renewals and of contemporaneous promises as intended to explain why the counts are limited to interest between certain dates, and to anticipate and meet the possible defence that the renewals extinguished the cause of action. If they are superfluous, they may be rejected. *Simmons* v. *Lawrence Duck Co.* 133 Mass. 298. And if the finding of the court should be such as to require any amendment, no doubt it will be allowed.

*Exceptions sustained.*

*C. C. Conant & S. D. Conant*, for the plaintiff.

*S. T. Field*, for the defendant.