CLARENCE F. ELDREDGE, trustee, *vs.* MUTUAL LIFE INSURANCE COMPANY OF NEW YORK & another.

Suffolk.    December 5, 1913. — May 19, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Equity Pleading and Practice,* Demurrer. *Husband and Wife. Insurance, Life,* Endowment. *Assignment.*

On a demurrer to a bill in equity, no assumption of a fact not alleged in the bill can be made in the plaintiff's favor.

Where one, whose life is insured by an endowment life insurance policy, assigns all his right, title and interest in the policy "in case of the insured's death prior to the end of the endowment period" to his wife "if living, if not, to the insured's executors, administrators and assigns," and the instrument of assignment contains the sentence, "the right to obtain a loan or to surrender this policy for its cash value in accordance with its terms and conditions is reserved to the insured," and, after the delivery of the assignment, the insured is adjudicated a bankrupt and two months later dies without the power to surrender the policy having been exercised either by him or by his trustee in bankruptcy, the wife has an absolute right to the proceeds of the policy.

BILL IN EQUITY, filed in the Superior Court on February 14, 1913, and afterwards amended, by the trustee in bankruptcy of Walter S. Gallagher against the Mutual Life Insurance Company of New York and Mabel H. Gallagher, wife of the bankrupt, seeking to establish the right of the plaintiff to the proceeds of an endowment life insurance policy upon the life of the bankrupt, who had died, and to enjoin the wife from asserting any right to such proceeds under the assignment described in the opinion.

The defendant Mabel H. Gallagher demurred to the amended bill. The demurrer was sustained by *Crosby,* J., and a final decree was made dismissing the bill. The plaintiff appealed.

The case was argued at the bar in December, 1913, before *Rugg,* C. J., *Loring, Braley, & De Courcy,* JJ., and afterwards was submitted on briefs to all the justices.

*C. F. Eldredge, pro se.*

*A. S. Hall,* (*T. D. Luce, Jr.,* with him,) for the defendant.

RUGG, C. J. The allegations of the bill are in substance that Walter S. Gallagher was adjudged a bankrupt on November

26, 1912, and died on January 24, 1913, and that on the latter day the plaintiff was appointed trustee; that the bankrupt held an endowment policy of insurance on his own life in the defendant insurance company; that on November 26, 1912, he assigned all his right, title and interest in the policy "in case of the insured's death prior to the end of the endowment period," to his wife "if living, if not living, to the insured's executors, administrators and assigns," concluding with this sentence: "The right to obtain a loan or to surrender this policy for its cash value in accordance with its terms and conditions is reserved to the insured."

The question is as to the respective rights of the widow and the trustee to the policy. The bill does not allege whether the assignment was executed before or after the adjudication in bankruptcy. It must be assumed on demurrer as against the pleader that it was executed before, for "no intendment in favor of the bill" can be made. *Bowker* v. *Torrey*, 211 Mass. 282, 286. Hence it was effective as between the parties at once, although it could not affect the rights of the insurance company, at least until after notice to it, and perhaps under the terms of the policy not until indorsed upon the policy. It was a direct assignment and not a mere change of beneficiary. Hence it took effect as between parties and their privies on delivery.

The bankrupt had a right under the law of this Commonwealth to transfer absolutely and unreservedly the insurance policy to his wife even though on the eve of bankruptcy and insolvent to the knowledge of both, and she could assert her rights thereunder against the trustee in bankruptcy. This arises out of the provisions of § 6 of the federal bankruptcy act of July 1, 1898, c. 541 (30 U. S. Sts. at Large, 544), which preserves exemptions made to bankrupts by State laws, and out of St. 1907, c. 576, § 73, the material part of which is, — "Every policy of life insurance made payable to or for the benefit of a married woman, or after its issue assigned, transferred or in any way made payable to a married woman . . . shall inure to her separate use and benefit." This being in form and substance an assignment of the policy and valid under the law, the title to the policy vested in the wife subject to the rights reserved to the husband. Her title remained that of owner unless the husband or his trustee exercised the power of surrender. *York* v. *Flaherty*, 210 Mass.

35.  *Bailey* v. .*Wood*, 202 Mass. 562.  *Holden* v. *Stratton*, 198 U. S. 202, 213.  The husband's power to surrender was one which passed to the trustee in bankruptcy.  *Blinn* v. *Dame*, 207 Mass. 159.  But the insured died before the power to surrender was exercised.  Thereby the wife's right became fixed and absolute to the proceeds under the terms of the assignment.  The case at bar is not an instance where the bankrupt had either a general or special title to the policy.  Hence, § 70a (5) of the bankruptcy act and *Everett* v. *Judson*, 228 U. S. 474, *Andrews* v. *Partridge*, 228 U. S. 479, and *In re White*, 98 C. C. A. 205, do not apply to a case like the present where the wife and not the bankrupt was the owner of the policy.

*Decree affirmed.*