W. W. PEARSALL AND INTERNATIONAL AGRICULTURAL CORPORATION v. ELIZABETH BLACK BLOODWORTH AND C. C. BRANCH, ADMINISTRATOR OF H. B. BLOODWORTH, DECEASED.

(Filed 30 November, 1927.)

**Insurance, Life—Policies—Contracts—Change of Beneficiaries—Husband and Wife—Estates—Debtor and Creditor—Statutes.**

While formerly an insolvent insured could not change, according to a provision in his policy, the beneficiary of his policy of life insurance from his estate to his wife, without consideration, against the rights of his creditors, this is now changed by our statute, C. S., 6464, providing that a policy of life insurance made payable to the wife, or after its issuance assigned and transferred, or in any way made payable to her, shall inure to her separate benefit.

CIVIL ACTION, before *Bond, J.,* at April Term, 1927, of PENDER.

The judgment in the cause states at length the facts out of which the controversy grows, said judgment being as follows:

This cause coming on to be heard this 29 April, 1927, before the undersigned, W. M. Bond, judge holding the courts of the Eighth Judicial District. The court, by consent of counsel for plaintiff and defendant, a trial by jury having been waived by all parties, finds the following facts:

1. That H. B. Bloodworth was, prior to 9 March, 1925, a resident of the county of Pender, State of North Carolina, and Elizabeth Black Bloodworth, one of the defendants in this action, was and is a resident of the county of Pender, State of North Carolina, and that C. C. Branch is a resident of the county of Pender, State of North Carolina, and the duly qualified and acting administrator of the estate of H. B. Bloodworth, deceased, and that the plaintiff was and is a resident of the county of Pender, State aforesaid, and the intervening petitioner is a foreign corporation doing business in the State of North Carolina.

2. That some time prior to 1 September, 1919, the said H. B. Bloodworth made application to the Jefferson Standard Life Insurance Company for a policy of insurance upon his own life, payable to his estate

as beneficiary, and that on the ... day of September, 1919, in accordance with his application, the Jefferson Standard Life Insurance Company issued policy No. 97616, in the face amount of $3,000 on the life of the said H. B. Bloodworth, payable to his estate as beneficiary, which said policy reserved the right to the insured of making change of beneficiary at any time at his option.

3. That following the depression generally over the country and during the period of deflation commencing in 1920, H. B. Bloodworth became financially involved, and was on 19 November, 1924, and for some time prior thereto, had been insolvent and unable to meet his debts, and such condition of insolvency continued until the date of his death.

4. That on or about 1 November, 1924, the said H. B. Bloodworth applied to the Jefferson Standard Life Insurance Company to have his wife, Elizabeth Black Bloodworth, made the beneficiary under said policy, instead of his estate, and that on 19 November, 1924, in accordance with his application, the beneficiary in said policy was changed from his estate to his wife, Elizabeth Black Bloodworth, in the form and manner provided in said policy for making change of beneficiary.

5. That the time of such change of beneficiary the said H. B. Bloodworth was insolvent and was unable to meet his obligations, and that the said H. B. Bloodworth knew of his then insolvent condition.

6. That no consideration passed at the time of the change of the beneficiary in said life insurance policy, and such change was made without the knowledge of the defendant, Elizabeth Black Bloodworth.

7. That H. B. Bloodworth had from time to time taken out insurance on his life with various insurance companies in a sum of approximately $20,000, and had in the policy or policies when and so issued provided for the payment, in the event of death, to his wife, Elizabeth Black Bloodworth.

8. That during the month of January, 1925, the plaintiff Pearsall sold and delivered to H. B. Bloodworth fertilizer supplies of the value of $458.51, all of which sum the said H. B. Bloodworth repeatedly promised to pay, and that on 7 March, 1925, the said H. B. Bloodworth executed and delivered his promissory note in the amount of $458.51, payable on 15 May, 1925, to W. W. Pearsall, or order, and that no part of the principal or interest of said note has been paid.

9. That on 23 April, 1924, the said H. B. Bloodworth did execute and deliver for value his promissory note to the International Agricultural Corporation, and on 5 December, 1924, the said H. B. Bloodworth did pay $100 on said note, leaving a balance due and unpaid of $301.59 with interest, which said sum the said H. B. Bloodworth repeatedly promised to pay, but after the payment of $100 failed to make any further payment of principal or interest on said note, and at the time of

his death was justly indebted to the plaintiff, International Agricultural Corporation, in the sum of $301.59, with interest.

10. That on 9 March, 1925, the said H. B. Bloodworth died intestate in the county of Pender, and that thereafter the defendant, C. C. Branch, qualified as administrator of his estate, and is now acting as such, and that thereafter the plaintiff filed due proof of his claim on said note with said administrator, but that the estate of the said H. B. Bloodworth is totally insolvent, and that the administrator has no funds and will obtain no funds from said estate sufficient to meet said obligation.

11. That after the death of the said H. B. Bloodworth the defendant, Elizabeth Black Bloodworth, filed due proof of loss with the Jefferson Standard Life Insurance Company, and said Insurance Company has paid to the said Elizabeth Black Bloodworth the sum of $2,756.36, being the face amount of said policy, less a loan on said policy,. previously made by insured.

12. That thereafter the plaintiff in this action requested C. C. Branch, administrator of the estate of H. B. Bloodworth, to bring an action against the defendant, Elizabeth Black Bloodworth, on behalf of the creditors of his estate for the purpose of subjecting the proceeds of said life insurance policy to the said Elizabeth Black Bloodworth as aforesaid, to the payment of his debts; that the said C. C. Branch refused and declined to bring said action, and still refuses and declines to do so; that thereafter on or about 14 November, 1925, the plaintiff instituted the above-entitled action on behalf of himself and other creditors of the estate of H. B. Bloodworth, to subject the proceeds of said life insurance policy now in the hands of the said Elizabeth Black Bloodworth to the payment of the debts of the said H. B. Bloodworth, and, thereafter, the said International Agricultural Corporation, by petition, intervened.

13. That there existed at the date of the change of the beneficiary in the $3,000 policy issued by the Jefferson Standard Life Insurance Company, creditors of H. B. Bloodworth, whose claims exceed $3,000, and that such claims exceed the assets of the estate available to creditors in an amount in excess of $3,000.

Upon the foregoing facts and after hearing argument of counsel, the court being of the opinion that said transfer of beneficiary was ineffectual as to creditors:

It is therefore ordered, adjudged and decreed: That the act of H. B. Bloodworth, in changing the beneficiary in the policy of insurance on his life issued by the Jefferson Standard Life Insurance Company for $3,000 from his estate to his wife, Elizabeth Black Bloodworth, was and the same is hereby declared invalid, and the said Elizabeth Black

Bloodworth shall pay to the administrator of the estate of H. B. Bloodworth the sum of $2,756.36, paid by the Jefferson Standard Life Insurance Company to her because of said policy.

It is further ordered, adjudged and decreed, that W. W. Pearsall recover the sum of $458.51, with interest, and that the International Agricultural Corporation recover the sum of $301.59 with interest, and both sums shall be paid by the administrator out of the first moneys coming into his hands from this recovery, in full, because of the priority established by the plaintiff, W. W. Pearsall, and International Agricultural Corporation, as diligent creditors.

From the foregoing judgment the defendant appealed.

*L. J. Poisson and J. G. McCormick for plaintiff.*
*K. O. Burgwin for defendant.*

BROGDEN, J.  Is the change of beneficiary from his estate to his wife, made by an insolvent husband, in an ordinary policy of life insurance providing for a change of beneficiary at the option of the insured, valid and effectual against creditors of such insolvent?

The question of the validity of the assignment of a policy of life insurance when the insured is insolvent was considered by this Court in *Burton v. Farinholt,* 86 N. C., 260.  The Court held that a life insurance policy was a chose in action and became an integral part of the estate of the insolvent immediately upon the delivery of the policy, and therefore a voluntary assignment of the same was void as against creditors.  The principle is thus expressed in the opinion: "Being indebted to a state of clear insolvency at the time of its voluntary assignment to his daughters, his act was fraudulent as to his creditors and void in law, whether made with an intent actually fraudulent or not.  From the fact that he was at the time insolvent, and that his transfer to his daughters was without a valuable consideration, it results, as a conclusion of law, that the assignment was void as to his creditors. . . . If taken directly in their names and for their benefit, it would have been, *ab initio,* their property, and would never have constituted a part of their father's estate, upon the faith of which he could, and perhaps did, obtain credit, and that is the test."

There is a well recognized distinction in law between the assignment of a policy and a change of beneficiary, certainly where the policy itself delegates the power to change the beneficiary at the option of the insured.  Thus in Joyce on the Law of Insurance, 2 ed., Vol. 4, sec. 2327a, the author says: "A distinction is made between an assignment and a change of beneficiary in that an assignment is the transfer by one of his rights or interest in the property, rests upon contract and gener-

ally requires the delivery of the thing assigned, while the right to change the beneficiary is the power to appoint which must be exercised in the manner specified in the contract." *Mutual Benefit Life Ins. Co. v. Swett,* 222 Fed., p. 200, Ann. Cas., 1917 B, 298.

The Supreme Judicial Court of Massachusetts considered the question in *Bailey v. Wood,* 202 Mass., 562. The Court declared that: "In the absence of any statute we think the prevailing opinion in the States is that where a policy of insurance is originally taken out in the husband's name and payable to his estate, a voluntary assignment, when insolvent, by him to his wife is void as to his creditors." A number of authorities are cited in support of this utterance, including *Burton v. Farinholt, supra.*

If the test is the right of a creditor to rely upon the policy as a basis of credit as suggested in the *Burton case,* then there might be a practical difference between an assignment and a change of beneficiary, because if a policy of insurance contains a provision permitting the insured to change the beneficiary at his option, it would seem clear that a creditor could not rely upon such a contract as a basis of credit. As to whether there is any difference between an assignment and change of beneficiary we do not decide, because, in our opinion, it is unnecessary to do so in the present case.

There is a statute in this State which determines the rights of the parties to this controversy. C. S., 6464, provides in part: "Every policy of life insurance made payable to or for the benefit of a married woman, or after its issue assigned, transferred, or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband, or by any other person, and whether the assignment or transfer is made by her husband or by any other person, inures to her separate use and benefit and to that of her children, if she dies in his lifetime." Under the plain provision of this statute it is entirely immaterial whether the wife becomes entitled to the proceeds through assignment or by mere change of beneficiary. The words of the statute "or in any way made payable to a married woman" are broad and comprehensive, and necessarily cover both methods of vesting in her the title to the proceeds of the insurance. C. S., 6464 was originally chapter 54, section 59, Public Laws 1899. The statute was passed several years after the decision in the *Burton case* and is controlling upon the question presented in the case at bar.

The construction which we have placed upon the statute is in accordance with the principle announced in *Bailey v. Wood, supra.* The statute under consideration in *Bailey v. Wood* is very similar to our own. The Massachusetts Court, in holding that the wife would be entitled to the proceeds of insurance assigned by an insolvent husband,

states its conclusion thus: "There is a marked distinction, therefore, as to the right of a wife under this statute and the right of any other beneficiary. The right of the wife extends not only to policies expressed for her benefit when issued, but also to those which, after issue, are assigned or in any way made payable to her for her benefit, while the right of any other beneficiary is confined to policies expressed at the time of their issue to be for his benefit." The case of *Bailey v. Wood* has been cited with approval in many later cases, some of them being *Eldredge v. Ins. Co.,* 105 N. E., 361; *Tyler v. Treasurer and Receiver General,* 115 N. E., 300; *In re Simmons v. Griffin,* 255 Fed., 521.

We, therefore, hold, upon the facts presented, that the judgment pronounced in this case was erroneous, and the same is

Reversed.