E. T. RUSSELL, ADMINISTRATOR OF D. S. OWEN, DECEASED, v. VIOLET RUSSELL OWEN, WIDOW, J. E. OWEN AND WIFE, MORAN OWEN, A. G. OWEN AND WIFE, GEORGIANA OWEN, A. L. OWEN AND WIFE, DOCIA OWEN, FODIE OWEN CAIN AND HUSBAND, EMMETT CAIN, BLANCHE OWEN HOWELL AND HUSBAND, CHARLIE HOWELL, CLYDE OWEN SMITH AND HUSBAND, W. C. SMITH, VASHTI OWEN SYKES AND HUSBAND, D. A. SYKES.

(Filed 5 October, 1932.)

**1. Insurance N a—Where policy is assigned by insured and beneficiary, proceeds are payable to beneficiary subject to rights of assignee.**

Where a policy of life insurance provides that the beneficiary therein named might be changed at the option of the insured, the beneficiary has a contingent interest therein which becomes vested upon the death of the insured without having changed the beneficiary, and an assignment of the policy by the insured and beneficiary to a creditor of the insured does not change the beneficiary's interest therein, in such case upon the death of the insured the proceeds are the property of the beneficiary payable to her subject to the rights of the assignee, and where the beneficiary is the wife of the insured she takes the proceeds free from claims of all other creditors of the insured's estate, Constitution, Art. X, sec. 7, C. S., 6464.

**2. Executors and Administrators B a—Widow has claim against husband's estate for amount paid ,assignee of policy in which she is beneficiary.**

Where a husband and wife execute a note and mortgage on his lands for money borrowed by him from an insurance company and the husband takes out two policies of life insurance with the company and names his wife as beneficiary thereof, and the husband and wife assign the policies to the insurance company with the provision that the proceeds thereof should be used first to pay off the balance of the loan and the surplus paid to the wife as beneficiary: *Held*, upon the death of the husband the proceeds of the policy are payable to the wife free from the claim of the creditors of his estate subject to the rights of the insurance company as assignee, and where the insurance company has paid the amount of the loan out of the proceeds the wife has a claim against the estate for the amount thereof, and is subrogated to the rights of the insurance company for its payment. C. S., 3964.

APPEAL by plaintiff and defendant, Violet Russell Owen, from *Grady, J.*, at Chambers, in Halifax, N. C., on 30 March; 1932. Reversed.

This is a special proceeding for the sale of land to create assets for the payment of the debts of plaintiff's intestate, as set out in the petition.

Defendants, heirs at law of plaintiff's intestate, in their answer to the petition, deny that the estate of said intestate is indebted to his widow, Violet Russell Owen, in the sum of $7,269.93, as alleged therein.

The proceeding was transferred to the civil issue docket of the Superior Court of Vance County for trial of the issues raised by the pleadings. C. S., 758.

When the proceeding was called for trial, judgment was rendered as follows:

"This cause came on for hearing at the March Term, 1932, of the Superior Court of Vance County, whereupon a jury trial was waived, and it was agreed by and between the parties that the presiding judge might hear the evidence, find the facts, and render judgment thereon, as in his opinion the facts would justify.

Thereupon evidence was offered by both the plaintiff and the defendants, and the facts found by the court as follows:

1. Delagnier S. Owen, the former husband of Violet Russell Owen, is dead; E. T. Russell has qualified as administrator upon his estate, and the defendants other than Violet Russell Owen, are the only heirs at law of the said Delagnier S. Owen, deceased.

2. On 13 March, 1929, Delagnier S. Owen borrowed from the Equitable Life Assurance Society of the United States the sum of $6,000, for which he and his wife, Violet Russell Owen, executed their bond of said date, which bond is made a part of this finding of fact. It is stipulated in said bond that all of the terms, covenants, conditions, provisions,

stipulations and agreements made by the said Owen and wife in a deed of trust collateral thereto, are made a part of said bond to the same extent and of the same effect as if the same were fully set forth therein.

In order to secure said bond, on the same date, the said Delagnier S. Owen and wife executed to J. F. Zollicoffer, trustee, a deed .of trust on certain lands belonging to the said Delagnier S. Owen, situate in Vance County, which deed of trust appears of record in Book 113, at page 410, in the office of the register of deeds of Vance County, and is made a part of this finding of fact.

It is provided in said deed of trust that the Equitable Life Assurance Society of the United States should issue a policy of insurance upon the life of the said Delagnier S. Owen in the sum of $6,000, with Violet Russell Owen as beneficiary therein; and it is further provided in the 10th article of said deed of trust: 'That if the said policy of life insurance be still in force, said loan and this deed of trust shall become immediately due and payable upon the death of the insured, and the party of the third part (the Life Assurance Society) shall apply toward the payment thereof the amount due from it under the terms of said policy, and pay over the balance, if any, to such person or persons as may be legally entitled thereto.'

3. A policy of insurance was issued by said Equitable Life Assurance Society of the United States as hereinbefore stated, which policy was dated 1 April, 1929, and payable in the event of the death of Delagnier S. Owen to his wife, Violet Russell Owen. Said policy contains the following stipulation: 'With the right to the insured to change the beneficiary or assign this policy.'

The said policy was thereupon assigned by the said Delagnier S. Owen and Violet Russell Owen to the Equitable Life Assurance Society of the United States as security for the loan of $6,000.

The policy of insurance, the assignment thereof, and attached papers are all made a part of this finding of fact.

4. On 11 June, 1929, Delagnier S. Owen borrowed from the Equitable Life Assurance Society of the United States the further sum of $2,000, and on said date he and his wife executed their bond in the same language and with like provisions as contained in the first bond hereinbefore referred to; said bond also contained provision for the issuance of a policy of insurance upon the joint lives of Delagnier S. Owen and Violet Russell Owen, payable to the survivor, in the sum of $2,000; said bond was secured by a deed of trust duly executed by the said Owen and wife to J. F. Zollicoffer, trustee, which deed of trust appears of record in Book 113, at page 432, in the office of the register of deeds of Vance County, and is made a part of this finding of fact.

5. Thereupon in conformity with the provisions of said deed of trust, the said Equitable Life Assurance Society of the United States issued its policy of insurance in the sum of $2,000, upon the joint lives of Delagnier S. Owen and Violet Russell Owen, payable to the survivor of them, and in said policy it is stipulated that the right to the insured jointly to change the beneficiary or assign the policy is reserved.

Thereupon said policy was duly assigned by the said Owen and wife to the said Equitable Life Assurance Society of the United States, which assignment is made a part of this finding of fact.

It will be noted that both deeds of trust contain the provision that in the event of the death of the insured the proceeds from said policies shall be applied to the payment of the debt secured thereby, and the balance paid over to the person entitled thereto.

6. Delagnier S. Owen was killed in an automobile wreck on 26 December, 1930, and thereupon the Equitable Life Assurance Society of the United States paid to itself the full amount due on said two bonds, and marked the same 'canceled'; and paid over to Violet Russell Owen the balance due under said policies over and above the amount of said bonds, with accrued interest.

7. It is alleged by the defendant, Violet Russell Owen, that the amount due on said bonds, to wit: $7,269.93, which was paid out of said insurance money, was her property, because she was named as beneficiary in said two policies of insurance, and she prays the court to enter a decree that she is subrogated to the rights of the insurance company under said two deeds of trust, or if the court is not of that opinion, that she be declared an unsecured creditor of her husband's estate in said amount."

The court was of opinion upon the foregoing facts that Violet Russell Owen is not a creditor of the estate of her husband, Delagnier S. Owen, deceased, in the sum of $7,269.93, and is, therefore, not entitled to be subrogated to the rights of the Equitable Life Assurance Society of the United States under the deeds of trust executed by her said husband to J. F. Zollicoffer, trustee.

From judgment in accordance with this opinion, the plaintiff and the defendant, Violet Russell Owen, appealed to the Supreme Court.

*D. P. McDuffie* for *plaintiff.*
*J. A. Spence* for *defendant, Violet Russell Owen.*
*J. M. Peace* for *defendants, heirs at law.*

CONNOR, J. In both the policies of insurance issued by the Equitable Life Assurance Society of the United States, on the life of her husband,

Delagnier S. Owen, the defendant, Violet Russell Owen, his wife, was named as beneficiary. She was so named at the date of the issuance of the policies. In each policy the right to change the beneficiary at any time while the policy was in force, in accordance with its terms and provisions, was reserved to the insured. In neither case, however, was this right exercised or attempted to be exercised by the insured while the policy was in force. Therefore, at the death of the insured, the proceeds of both policies, but for the assignments executed by both the insured and the beneficiary, were payable to Violet Russell Owen, as the beneficiary named in the policies. Her right to the proceeds of the policies, while contingent during the life of her husband upon a change by him of the beneficiary, became vested at his death.

In *Parker v. Potter,* 200 N. C., 348, 157 S. E., 68, it is said: "This proposition calls for a determination of the deceased wife's interest in the contract. Was it vested or contingent? If she had an unconditional vested right, her status was such that the insured could not destroy her interest without her consent, except as he could destroy his own right or interest by a forfeiture of the policy. *Conigland v. Smith,* 79 N. C., 303, modified in *Hooker v. Sugg,* 102 N. C., 115. In an ordinary policy of life insurance, the beneficiary acquires a vested interest from the time the insurance takes effect, if in the contract there is no stipulation reserving to the insured a right to change the beneficiary, assign the policy or divert the proceeds, unless the language of the policy is inconsistent with a vested interest. *Herring v. Sutton,* 129 N. C., 107. *Lanier v. Insurance Co.,* 142 N. C., 14; *Woolen v. Order of Odd Fellows,* 176 N. C., 52; *Lockhart v. Insurance Co.,* 193 N. C., 8. This principle, however, does not prevail when the right or interest of the particular beneficiary is subject to be changed or to be defeated under the terms of the contract by which it was created. *Wooten v. Order of Odd Fellows, supra; Pollock v. Household of Ruth,* 150 N. C., 211. If thus subject to be changed or defeated, the interest of the beneficiary is not property but a mere expectancy which cannot ripen into a vested interest before the death of the insured."

In the instant case, no change of beneficiary having been made by the insured while the policies were in force, the interest of Violet Russell Owen, as beneficiary named in each policy at the time it was issued, ceased to be contingent upon the death of the insured; upon his death, it ripened into a vested interest, with the result that, subject only to the rights of the creditor of the insured, the Equitable Life Assurance Society of the United States, under the assignments executed while the policies were in force, by both the insured and the beneficiary, the proceeds of the policies became and were the property of Violet Russell

Owen, free from all the claims of the representatives of her husband or any of his creditors (Const. of N. C., Art. X, sec. 7, C. S., 6464, *Pearsall v. Bloodworth,* 194 N. C., 628, 140 S. E., 303), except the claims of the Equitable Life Assurance Society of the United States, as assignee of the policies. In *Pearsall v. Bloodworth, supra,* it is said there is a well recognized distinction in law between the assignment of a policy and a change of beneficiary, certainly where the policy itself delegates the power to change the beneficiary at the option of the insured. In the instant case, the claim of the Equitable Life Assurance Society to the proceeds of the policies was as assignee and not as beneficiary.

The policies were assigned by the insured and the beneficiary, jointly, to the Equitable Life Assurance Society, as additional security for bonds executed by the insured as principal, and the beneficiary as surety. These bonds were also secured by deeds of trust on lands owned by the insured. After the death of the insured, the bonds were paid out of the proceeds of the policies of insurance. Thus the property of the surety, with her consent, was applied to the payment of the bonds on which the insured was liable as principal. By reason of these facts, the defendant, Violet Russell Owen, became a creditor of the estate of her husband, plaintiff's intestate, in the amount due on the bonds, and paid out of her property, to wit: $7,269.93. As such creditor, she is entitled to be subrogated to all the rights of the Equitable Life Assurance Society under the deeds of trust which Delagnier S. Owen had executed to convey the bonds thereby. C. S., 3964 and cases cited.

There is error in the judgment with respect to the rights of Violet Russell Owen as a creditor of the estate of plaintiff's intestate. For this reason, the judgment is

Reversed.