The above entitled causes having been theretofore consolidated for all purposes were heard at the March Term, 1933, of the Superior Court of Durham County, on the petition of the Durham Loan and Trust Company, receiver of the estate of R. H. Wright, deceased. The facts alleged in the petition and found by the court are as follows: *Page 501 
On 12 November, 1901, R. H. Wright, Sr., applied to the State Mutual Life Assurance Company of Worcester, Mass., for a policy of insurance on his life. The policy was issued by the said company in accordance with the application. By its terms the company agreed in consideration of the payment by the insured of the premiums as stipulated therein, to issue and deliver to R. H. Wright, Jr., and T. D. Wright, at the death of the insured, thirty bonds, each for the sum of one thousand dollars, bearing interest at four per cent from the date of issuance, and payable twenty-five years after said date. It was stipulated in said policy that when the same had matured, on the request in writing of the persons legally entitled to receive the bonds issuable under the policy, the company would commute the said bonds and pay in lieu thereof the sum of thirty-three thousand dollars.
The insured, R. H. Wright, Sr., paid the premiums on said policy until his death on 4 March, 1929. The policy was in full force at said date. By his last will and testament, which was duly probated and recorded in the office of the clerk of the Superior Court of Durham County, the insured, R. H. Wright, Sr., named as his executors, the beneficiaries in said policy, to wit: R. H. Wright, Jr., and T. D. Wright. The said executors duly qualified for the discharge of their duties, and until they were removed by the court, were engaged in the discharge of such duties.
On 2 January, 1926, R. H. Wright, Sr., R. H. Wright, Jr., and T. D. Wright, executed and delivered to the State Mutual Life Assurance Company of Worcester, Mass., a note for the sum of $18,500. This note bore interest from date, payable semiannually, and was due on demand. As collateral security for the payment of said note, R. H. Wright, Sr., as the insured and R. H. Wright, Jr., and T. D. Wright, as beneficiaries, assigned to the State Mutual Life Assurance Company, the policy of insurance which the said company had issued on 12 November, 1901, on the life of R. H. Wright, Sr. The said R. H. Wright, Sr., received for his own use the proceeds of the said note, and during his life paid, out of his own funds, the interest due on the note. The said note was entered by the said R. H. Wright, Sr., on his books as his personal liability.
After they had qualified as executors of R. H. Wright, Sr., and before their removal by the court, R. H. Wright, Jr., and T. D. Wright, as executors, paid the note for $18,500, due to the State Mutual Life Assurance Company, out of the general funds of the estate, and thereafter as beneficiaries of the policy issued by the said company on the life of the said R. H. Wright, Sr., collected the full amount due under said policy, to wit: the sum of $33,000, with accrued interest. *Page 502 
The Durham Loan and Trust Company, receiver of the estate of R. H. Wright, Sr., after its appointment by the court as such receiver, at the request of certain legatees and devisees of R. H. Wright, Sr., deceased, demanded that R. H. Wright, Jr., and T. D. Wright account to the said receiver for the sum of $18,500 and interest, which had been paid by them as executors on account of the note held by the State Mutual Life Assurance Company and secured by the assignment of the policy of insurance on the life of R. H. Wright, Sr., in which they were named as beneficiaries. This demand was refused by R. H. Wright, Jr., and T. D. Wright.
The court was of opinion that R. H. Wright, Jr., and T. D. Wright, as executors, had rightfully and legally paid the note held by the State Mutual Life Assurance Company at the death of R. H. Wright, Sr., out of funds belonging to his estate, and had rightfully and legally collected, as beneficiaries, the amount due on said policy, and so adjudged. The Durham Loan and Trust Company, receiver, and certain legatees and devisees of R. H. Wright, Sr., deceased, appealed to the Supreme Court.
There is no provision in the policy of insurance which was issued by the State Mutual Life Assurance Company on the life of R. H. Wright, Sr., the insured, that upon the maturity of the policy, any sum due to the company by the insured on account of a loan on the policy shall be deducted from the amount due under the policy in the settlement with the beneficiary. The company held the policy under an assignment executed by the insured and the beneficiaries, as collateral security for the payment of the note on which the insured was liable, personally, as principal, and the beneficiaries, personally, as sureties.
The executors of the insured paid the note out of the funds in their hands belonging to the estate of their testator; thereafter, the company paid to the beneficiaries the full amount due under the policy. The beneficiaries cannot be required to account to the estate of the insured for the sum which the executors paid in discharge of the note of their testator. The fact that in the instant case the executors of the insured and the beneficiaries under the policy are the same persons, is immaterial. See Russell v. Owen, 203 N.C. 262, 165 S.E. 687.
On the facts found by the court, there was no error in the judgment. It is
Affirmed. *Page 503