## THE FIRST NATIONAL BANK OF BOSTON *vs.* NICHOLAS W. MATHEY.

Essex.    October 11, 1940. — January 10, 1941.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Pleading, Civil,* Answer. *Evidence,* Extrinsic affecting writing. *Contract,* Parties, For benefit of third person. *Bills and Notes,* Collateral, Interest, Consideration. *Practice, Civil,* Requests, rulings and instructions.

A demurrer to a part of an answer to a declaration upon a promissory note properly was sustained because of indefiniteness in that the answer set up breach of a condition of "delivery of said note" in failure to sell certain collateral over two years before the date of the note.

That the plaintiff in an action upon a collateral promissory note broke an alleged promise, subject to which the collateral was pledged, in refusing to sell the collateral at certain times on the defendant's requests could not be set up in defence where the note provided that the holder should "have no duty as to the collection or protection of collateral . . . beyond the safe custody thereof."

The maker of a collateral promissory note was not entitled to enforce for his own benefit a contract made by an assignee of the note with the assignor.

At the trial of an action upon a promissory note providing for the payment of interest but stating no rate, it was proper to refuse to give the jury instructions as to a rate implied in law where both parties contended that there was an express agreement as to a rate but differed as to what the agreement was and the evidence as to the rate was conflicting.

Failure of the holder of a promissory note to perform a promise to return a prior note for which it was given could not be found to have constituted a partial failure of consideration and a "*pro tanto* defence" to an action on the new note where, due to assent by the holder to an allocation of payments to the principal and interest of the new note and not to the old, no damage could have resulted to the maker.

On findings by an auditor, not to be final and not inconsistent among themselves nor contradicted by other evidence, no error appeared in an instruction to a jury, in an action upon a promissory note, that they could find that there was consideration for the note if it was given in payment of a prior overdue note for the same principal amount, which bore no interest before it became due, or if the plaintiff in substance agreed to a readjustment of interest due on the prior note.

CONTRACT. Writ in the Superior Court dated August 29, 1935.

Demurrers to a part of the answer and to a declaration in set-off were sustained by *Williams*, J. The trial on the merits was before *Brogna*, J., and a verdict was returned for the plaintiff in the sum of $53,586.42. In this court, the case was submitted on briefs.

*J. M. Fogarty & T. H. Driscoll, Jr.,* for the defendant.

*S. H. Babcock & W. Malcolm,* for the plaintiff.

RONAN, J. The plaintiff in this action of contract sought to recover on the first count of its declaration a balance amounting to $57,077.42, alleged to be due upon a promissory note made by the defendant under the date of September 15, 1932, and payable to the plaintiff; and in the second count to recover the aforesaid balance upon an account annexed. The case was referred to an auditor, and thereafter was tried upon the report and other evidence before a jury which returned a verdict for the plaintiff upon the first count and for the defendant upon the second count. The defendant excepted to the denial of certain requests for instructions and to portions of the charge.

The defendant filed an answer which contained a general denial, a claim of payment, and a recital that the note was given without consideration "or in any event that the consideration therefor has failed." The answer also set up as additional matters of defence that the note was given in lieu of a prior note upon the express agreement that the plaintiff would keep itself informed of the fluctuations of the value of the collateral pledged with the note, and would be prepared to sell this collateral at such times and upon such conditions as would pay the note; that it would sell the collateral upon the request of the defendant; that "in violation of the express condition of the delivery of said note as aforesaid the plaintiff on or about June 11, 1930, and at divers times thereafter" refused to sell the collateral at the request of the defendant; and that the defendant has thereby been damaged. The plaintiff demurred to this portion of the answer setting up these additional matters of defence. The defendant appealed from an order sustaining the demurrer.

This demurrer was properly sustained. In the first place,

if we assume that these additional matters are parts of a single claim in the nature of recoupment, it is difficult to interpret them as applying to the instant note which was not given until September 15, 1932, in face of an allegation that the plaintiff, in violation of an express condition upon which this note was delivered to it, failed on or about June 11, 1930, and thereafter, to sell the collateral.   If the note was given in pursuance of an agreement made on June 11, 1930, then that fact should have been alleged clearly and precisely.   G. L. (Ter. Ed.) c. 231, § 28.   *Slocum* v. *Riley,* 145 Mass. 370.   *Lane* v. *Holcomb,* 182 Mass. 360.   *Lewis* v. *Russell,* 304 Mass. 41.   We can make no such intendment in favor of the defendant.   *Eldredge* v. *Mutual Life Ins. Co.* 217 Mass. 444.   *Hayden* v. *Perfection Cooler Co.* 227 Mass. 589.   *Fleming* v. *Dane,* 298 Mass. 216.

It is not certain whether the defendant purported to set up a breach of the conditions upon which the note was delivered, which occurred subsequently to its delivery, or whether a breach of said conditions resulted from a violation of an agreement by the plaintiff to sell the collateral, alleged to have occurred on June 11, 1930, and thereafter.   A plaintiff ought not to be required to be prepared to meet such indefinite, vague and not altogether consistent allegations.   *Skolnick* v. *Greenburg,* 230 Mass. 359, 361.   *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 35.   *Grandchamp* v. *Costello,* 289 Mass. 506, 507.   *Comerford* v. *Meier,* 302 Mass. 398, 404.

In the next place, these additional matters set up in the answer, even if they could in some way be held to apply to the note, did not set up any matters that would constitute a defence.   The note gave the plaintiff general authority to sell the collateral at public or private sale, without advertisement or notice, and to become purchasers at the sale.   "The holder hereof shall have no duty as to the collection or protection of collateral . . . beyond the safe custody thereof." The plaintiff was not required by the terms of the note to sell the collateral and the defendant would have no right to complain if it continued to hold the collateral.   *Badlam* v. *Tucker,* 1 Pick. 389.   *Benj. N. Moore & Sons Co.* v. *Manu-*

*facturers National Bank,* 261 Mass. 328.   *Culver* v. *Wilkinson,* 145 U. S. 205.

These additional matters were inconsistent with the provisions of the note.  They could not be shown in evidence and furnished no defence to a suit on the note.  *Lea* v. *Robeson,* 12 Gray, 280.  *McCusker* v. *Geiger,* 195 Mass. 46. *Marsch* v. *Southern New England Railroad,* 230 Mass. 483. *Zielmann* v. *Copelof,* 232 Mass. 393.  *Boston Consolidated Gas Co.* v. *Folsom,* 237 Mass. 565.  *Pelonsky* v. *Wattendorf,* 255 Mass. 558.  *Buckley* v. *Hacking,* 258 Mass. 525.

The defendant also filed a declaration in set-off alleging that the plaintiff became the holder and owner of the note declared on by an assignment from another bank; that by the terms of the assignment the plaintiff "undertook to assume and pay" the liabilities of this other bank; and that on or about June 12, 1930, the defendant directed and ordered this other bank to sell the collateral then held as security for said note and directed the payment of said note out of the proceeds of such sale, wherefore the plaintiff now owes the defendant the excess resulting from the sale amounting to $33,100 according to an account annexed.  The defendant appealed from an order sustaining the plaintiff's demurrer.

This declaration in set-off does not allege that the plaintiff's assignor was under any obligation to sell the collateral at the request of the defendant nor is it directly alleged that any sale was made.  Here again we have difficulty in understanding how the collateral could on June 12, 1930, be "held as security for said note" which was given to the plaintiff on September 15, 1932.  If it was intended to allege that the collateral was in fact sold by the plaintiff's assignor, then the plaintiff, by accepting the defendant's note on September 15, 1932, did not become responsible for the sales of the collateral or liable to account therefor to the defendant.  But the declaration in set-off alleges that the plaintiff, by the terms of the assignment by which the notes of the defendant were transferred to the plaintiff, assumed the obligations of its assignor including the claim of the defendant on account of the failure

of the plaintiff's assignor to sell the collateral.  The defendant was not a party to the assignment and the plaintiff made no promise to the defendant to assume any liability owed to him by the plaintiff's assignor.  The case is settled in principle by *Clare* v. *Hatch,* 180 Mass. 194, and comes within the established rule in this Commonwealth that one who is not a party to a contract and from whom no consideration issues has no rights under the contract even if it was intended to be for his benefit.  The rule is subject to equally well established exceptions, but the defendant does not bring himself within any of them.  There was no error in sustaining the demurrer to the declaration in set-off. *Exchange Bank of St. Louis* v. *Rice,* 107 Mass. 37.  *New England Structural Co.* v. *James Russell Boiler Works Co.* 231 Mass. 274.  *Central Supply Co.* v. *United States Fidelity & Guaranty Co.* 273 Mass. 139.  *James Stewart & Co. Inc.* v. *National Shawmut Bank of Boston,* 291 Mass. 534.  *Exchange Realty Co.* v. *Bines,* 302 Mass. 93.

We now pass to the exceptions taken during the trial. The Atlantic National Bank on May 3, 1932, held three promissory notes: two were made by the defendant and the third by his bookkeeper.  All were secured by collateral, which, on that date, were indorsed and delivered to the plaintiff which assumed certain obligations of the Atlantic National Bank.  None of these notes was then overdue.  None contained a provision for the payment of interest.  They were not paid at maturity and, after a series of conferences between certain officers of the plaintiff and Mr. Teele, counsel for the defendant, the defendant under date of September 15, 1932, gave the plaintiff his three notes payable to it in the same amounts as the three old notes.  One of these new notes was for $64,500 and is the note upon which the present suit is based.  This note provided for the payment of interest but no rate was stated.

The plaintiff contended that the three new notes were taken in payment of the principal due on the three old notes; that the defendant owed interest on the old notes from the dates of their maturity and that it was agreed when the new notes were given that interest upon them

should be at four per cent if it was paid monthly.   The defendant contended that there was no consideration for the new notes; that the plaintiff failed to return the old notes when the new notes were given; that the defendant was thereby damaged; and that the plaintiff was not entitled to charge interest at the rate of six per cent upon the notes either before demand for payment or before the date of the writ.

The auditor found that the "old notes were not written with interest"; that the plaintiff accepted the new notes of September 15, 1932, as payment in full of the principal of the old notes; and that the defendant never promised to pay interest on the old notes after the principal was paid.   In reference to the interest to be charged on the new notes, he found that while these notes provided for interest they did not state the rate; that the rate of six per cent per annum was therefore implied by law, but that it was understood between the parties that the plaintiff would accept interest on these notes at the rate of four per cent per annum unless the defendant was otherwise notified by the plaintiff; and that the plaintiff notified the defendant that it would charge interest at the rate of six per cent per annum from March 1, 1934.   He found that the plaintiff was entitled to interest at the rate of four per cent per annum from September 15, 1932, to March 1, 1934, and at the rate of six per cent per annum thereafter.   The auditor also found that when the new notes were given to the plaintiff the old notes were not returned.   But the new notes were delivered to the plaintiff without any condition and at no time was it stipulated that the new notes would become effective only upon the return of the old notes. Nothing was said about a return of the old notes until a year after the new notes were given, when Emery (an officer of the plaintiff bank) told Mr. Teele, who inquired about them, that they were held by the plaintiff as that was the only evidence the plaintiff had of interest from their due dates to September 15, 1932.   The old note of $64,500 was tendered to counsel for the defendant during the trial and refused.   The auditor found upon all the evidence that there was no agreement between the parties that any of

the old notes would be returned to the defendant in consideration in whole or in part for the note in suit.  He disallowed the amounts applied from the proceeds of sales of the collateral by the plaintiff to payment of interest on the old notes from their maturity to September 15, 1932, and, after applying the proceeds of the sales of the collateral to the payment of principal and interest on the new notes together with the dividends received by the plaintiff on the pledged stock and a payment of $400 made by the defendant, he found that the defendant owed the plaintiff a balance upon the note declared on in the principal amount of $43,262.98, together with interest amounting to $9,241.87 and, accordingly, found for the plaintiff in the sum of $52,504.85.  At the trial the parties agreed that the collateral was duly sold at the times and for the amounts stated in the report, and that the calculations made by the auditor were mathematically correct.  The jury, as shown by their verdict, found in accordance with the report, together with interest from the date of the report.

The defendant excepted to the denial of his seventh, eighth and ninth requests which, in substance, called for instructions that if no rate of interest was mentioned in the note the law presumed that the parties impliedly agreed to pay the legal rate unless there was an actual agreement as to the rate to be paid; that if the rate was fixed at four per cent, then "no implication of law subsequently arises which warrants" the jury charging the defendant with interest at the rate of six per cent for any part of the period during which the note remained unpaid up to the date of the writ or up to the time of demand.  The tenth and eleventh requests were to the effect that if the plaintiff was entitled to recover, then upon all the evidence it could not recover interest at a rate in excess of four per cent from the date of demand or from the date of the delivery of the note up to the date of the writ.

At the trial the plaintiff introduced the auditor's report and rested.  The defendant did not testify but introduced the evidence of Emery, an officer of the plaintiff, and of his attorney, Mr. Teele, together with certain correspondence.

According to the auditor, the lower rate of interest was to continue until the plaintiff should notify the defendant, which it did, and the rate beginning March 1, 1934, and thereafter, continued at six per cent, but, according to the testimony of Emery and the plaintiff's answer to an interrogatory of the defendant, it was to continue at four per cent as long as it was paid when due. Upon this state of the evidence the defendant was not entitled to an instruction, as he requested in his tenth and eleventh requests, that as matter of law the plaintiff could not recover interest at a rate in excess of four per cent. The judge was right in refusing the eighth and ninth requests, that if when the note was delivered there was an oral agreement that the rate of interest was four per cent then "as a matter of law no implication of law subsequently arises which warrants the jury in finding interest at the rate of six per cent" for any part of the period during which the note remained unpaid up to the date of demand or up to the date of the writ. There was no contention that the rate was changed from four to six per cent by "implication of law." Both parties contended that the rate was fixed by agreement. Neither request had any pertinency to any evidence at the trial. The same is true of the seventh request, that in the absence of an agreement the rate of interest was the legal rate. G. L. (Ter. Ed.) c. 107, § 3. The refusal of a request, even if it embodies correct principles of law, which is not pertinent to any testimony, is not error. *Commonwealth* v. *McKnight*, 283 Mass. 35. *Morrison* v. *Medaglia*, 287 Mass. 46.

The judge denied the first request that, if there was an agreement upon the delivery of the note to return the prior note for $64,500 and the plaintiff refused to deliver this note, then such failure constituted a partial failure of consideration and is a good "*pro tanto* defense" to the action on the note. If we assume in favor of the defendant that there was evidence that the plaintiff was not a holder in due course and that the answer specifically sets up a partial failure of consideration, G. L. (Ter. Ed.) c. 107, § 51; c. 231, § 28; *Wentworth* v. *Dows*, 117 Mass. 14; *Indiana Flooring Co.* v. *Rudnick*, 236 Mass. 90; *Jones* v. *Revere Preserving Co.* 247 Mass.

225, so that the point raised by this request was open, then there was no error in refusing to grant it. The plaintiff having accepted the allocation, as made by the auditor, of the proceeds from the sales of the collateral to the payment of the principal and interest on the new notes of September 15, 1932, instead of applying a part of these proceeds to overdue interest on the old notes as it had apparently mistakenly done, *Eames* v. *Cushman*, 135 Mass. 573, then there was no evidence upon which a jury could find that the defendant had been damaged by the failure to return the old note, even if the plaintiff had agreed to return it upon delivery of the note in suit. *Bassett* v. *Percival*, 5 Allen, 345, 347. *Black* v. *Ridgway*, 131 Mass. 80, 84. *Pothier* v. *Doucette*, 276 Mass. 326, 334. *Roche* v. *Gryzmish*, 277 Mass. 575, 579.

The principal exception to the charge is that the judge instructed the jury that they could find that there was consideration for the note if it was given in payment for the prior note for $64,500 held by the plaintiff, or if the plaintiff agreed to charge interest on the note in suit at the rate of four per cent instead of six per cent per annum. The defendant concedes that the charge was correct if the jury found that the note was given in payment of the prior note, but contends that the reduction of interest from six per cent to four per cent was not valid consideration. Even if we assume that the plaintiff could not recover interest on the prior note from its maturity until September 15, 1932, because the note did not bear interest, and that the plaintiff could recover damages at the rate of six per cent for the delay in paying this note, *Davis* v. *Harrington*, 160 Mass. 278, the plaintiff could agree to reduce its damages from six per cent to four per cent per annum, and agree to accept interest on the new note at four per cent per annum instead of six per cent, as long as the interest was paid when due. There was evidence that both parties believed that the plaintiff was entitled to interest on the old note and that the new note was not given in payment of the principal and interest but, according to the auditor, was given by the defendant and received by the plaintiff in payment of the principal due on the old note. This

finding of the auditor was not inconsistent with any of his subsidiary findings. It was not contradicted or shaken by any oral testimony. In fact all the testimony was in accordance with this finding. The retention of the old notes for some time after the new notes were given, upon the auditor's report and all the testimony, was not inconsistent with this finding. The finding of the auditor not only warranted but required a finding that the note in suit was given in payment of the principal on the old note. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564. *Wade* v. *Buchanan,* 306 Mass. 318. Even if the parties did not intend that the note should be in full payment for all the indebtedness due on the prior note, and whatever effect the acceptance of the note might have on any such indebtedness in excess of the face of the old note, *Eames* v. *Cushman,* 135 Mass. 573; *Paul Revere Trust Co.* v. *Castle,* 231 Mass. 129, yet a note given in payment of an antecedent indebtedness is based upon a valuable consideration. *Tremont Trust Co.* v. *Brand,* 244 Mass. 421. *Dow* v. *Poore,* 272 Mass. 223. It could be found that the giving of this note was included in the agreement calling for a reduction of the damages for delay in paying the old note and the payment of interest at four per cent upon the new note, and that there was consideration for such an agreement. Each of the three new notes made by the defendant, including the one in suit, was found by the auditor to have been given in payment of the principal upon each of the old notes. But one of these old notes was made by one Ryan. We need not consider whether the release by Ryan and the acceptance of a note of the defendant in payment of her note, in accordance with the request of the defendant, could also be found to be additional consideration for the agreement of the plaintiff to accept the note in suit and to reduce the damages due for the delayed payment of the old note and to lower the interest on the new note to four per cent if it was paid monthly. *Pope & Cottle Co.* v. *Wheelwright,* 240 Mass. 221. *M. E. Hall Co.* v. *Gale,* 248 Mass. 299.

The exception to the instruction that the facts reported by the auditor "which stand uncontradicted, become final"

and that the jury were bound to accept them was not erroneous when considered with its context in which the jury were told that the *prima facie* value of an auditor's report does not continue throughout the case but that it loses its *prima facie* force and becomes evidence in the case, the same as any other evidence when evidence has been introduced "to meet, control, overcome, negative any finding of fact made by the auditor." Construing as we must all that was said in reference to the effect of an auditor's report, we think that the jury were in substance given the correct rule as set forth in *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564.

The orders sustaining both demurrers must be affirmed. The trial was free from error and the exceptions must be overruled.

*So ordered.*